UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| |
|---|
| **FILED** |
| MAY 08 2017 |
| MOLLY C. DWYER, CLERK<br>U.S. COURT OF APPEALS |

YUROK TRIBE; et al.,

                Plaintiffs - Appellees,

  v.

UNITED STATES BUREAU OF
RECLAMATION and NATIONAL
MARINE FISHERIES SERVICE,

                Defendants,

 and

KLAMATH WATER USERS
ASSOCIATION; et al.,

                Intervenor-Defendants -
Appellants.

No. 17-15676

D.C. No. 3:16-cv-06863-WHO
U.S. District Court for Northern
California, San Francisco

**ORDER SETTING
ASSESSMENT CONFERENCE**

**Date: June 19, 2017
Time: 1:00 p.m. Pacific Time**

**(DIAL-IN CONFERENCE)**

HOOPA VALLEY TRIBE,

                Plaintiff - Appellee,

  v.

UNITED STATES BUREAU OF
RECLAMATION and NATIONAL
MARINE FISHERIES SERVICE,

                Defendants,

No. 17-15679

D.C. No. 3:16-cv-04294-WHO
U.S. District Court for Northern
California, San Francisco

and

KLAMATH WATER USERS
ASSOCIATION; et al.,

        Intervenor-Defendants -
Appellants.

---

HOOPA VALLEY TRIBE,

        Plaintiff - Appellee,

  v.

UNITED STATES BUREAU OF
RECLAMATION and NATIONAL
MARINE FISHERIES SERVICE,

        Defendants - Appellants,

 and

KLAMATH WATER USERS
ASSOCIATION; et al.,

        Intervenor-Defendants.

No. 17-15812

D.C. No. 3:16-cv-04294-WHO
U.S. District Court for Northern
California, San Francisco

---

YUROK TRIBE; et al.,

        Plaintiffs - Appellees,

  v.

UNITED STATES BUREAU OF
RECLAMATION and NATIONAL
MARINE FISHERIES SERVICE,

No. 17-15815

D.C. No. 3:16-cv-06863-WHO
U.S. District Court for Northern
California, San Francisco

> Defendants - Appellants,
>
> and
>
> KLAMATH WATER USERS
> ASSOCIATION; et al.,
>
> Intervenor-Defendants.

The Mediation Program of the Ninth Circuit Court of Appeals facilitates settlement while appeals are pending. **See** Fed. R. App. P. 33 and Ninth Circuit Rule 33-1.

The court has scheduled a dial-in telephone assessment conference at the date and time listed above with counsel to discuss whether these cases are appropriate for participation in the Mediation Program.

**Each participant will receive an email with dial-in information. Please notify the Mediation Office at mediation@ca9.uscourts.gov if counsel does not receive an email.**

Please notify the mediator immediately by email (ann_julius@ca9.uscourts.gov) if the dispute is settled, the appeal is dismissed or if counsel has an unavoidable scheduling conflict. Please copy all counsel on any such communications.

All discussions that take place in the context of the assessment conference are strictly confidential. **See** Circuit Rule 33-1.

For more detailed information about the assessment conference, confidentiality, the Mediation Program and its procedures generally, please see the attachment to this order and the Mediation Program web site: www.ca9.uscourts.gov/mediation.


FOR THE COURT:

Virna Sanchez
vs/mediation                    Deputy Clerk

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT
CIRCUIT MEDIATION OFFICE
Website: **www.ca9.uscourts.gov/mediation**
Email: ann_julius@ca9.uscourts.gov
Phone: 415-355-7900     Fax: 415-355-8566

## INFORMATION ABOUT ASSESSMENT CONFERENCES

### Overview of Purpose and Participants

- The purpose of the assessment conference is to provide an opportunity for counsel and the Circuit Mediator to have a frank discussion about settlement. The mediator will explore the parties' interests in settlement and, if appropriate, work with counsel to design a process to pursue resolution of the dispute.

- The conference will be conducted by one of the eight Circuit Mediators, all of whom are court employees with extensive mediation and litigation experience. The Circuit Mediators are authorized to file orders on most procedural matters, including vacating or moving the briefing schedule.

- Counsel for all parties who intend to file briefs in the case should participate in the assessment conference. The lawyer with the closest relationship to the client should be on the call. Clients are neither expected nor required to participate in the assessment conference.

- In advance of the conference, counsel should have a discussion with their clients about their goals in the litigation, its possible costs and outcomes (good and bad), the potential for further legal proceedings, and what issues beyond the litigation might be explored in mediation. (Go to www.ca9.uscourts.gov/mediation for a list of questions for exploring the suitability of the dispute for settlement.)

- During the conference, counsel and the Circuit Mediator will discuss the factual and legal background of the dispute, the legal issues involved in the litigation and on appeal, any related legal proceedings, and any other considerations that may affect the parties' willingness to engage in settlement discussions. The scope of discussions is not limited to the issues on appeal: it may include related legal proceedings or any other issues between the parties.

## Confidentiality

- Settlement-related information disclosed to a Circuit Mediator will be kept confidential and will not be disclosed to the judges deciding the appeal or to any other person outside the Mediation Program participants. Ninth Cir. R. 33-1.

- All participants in the assessment conference are required to abide by the court's confidentiality rules, which are set forth in Rule 33-1 and can be found at www.ca9.uscourts.gov/mediation. With limited exceptions, any communication made by the Circuit Mediator or any participant during the conference may not be used in any pending or future proceeding in this court or any other forum and may not be disclosed to anyone who is not a participant. Ninth Cir. 33-1.

## Likely Outcomes of Assessment Conference

- At the conclusion of the assessment conference, the Circuit Mediator may confirm in an order the agreements of the parties regarding the scope, process and timing of any further settlement efforts. Typical settlement processes include in-person mediation sessions, telephone settlement dialogues facilitated by the Circuit Mediator, or direct discussions between counsel.

- The parties may agree to defer briefing in order to focus on settlement efforts or to provide an opportunity for circumstances to develop that might make settlement more likely. In most cases, the deferral of briefing will not delay disposition of the appeal, since the date of the filing of the notice of appeal controls when an appeal is assigned to a three-judge panel for decision.

- At any point that the parties choose not to pursue settlement efforts, the Circuit Mediator will work with the parties to resolve any outstanding procedural issues and will enter orders effectuating any procedural agreements.

**More information is available on the Mediation Circuit link on the Ninth Circuit website www.ca9.uscourts.gov/mediation.**